# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

JESSE DANIEL ROBARDS and  )
TAMARA LASHAE ROBARDS,   )
            )
  Plaintiffs,      )
            )
v.           )  NO. 2:24-cv-00052
            )
HERBERT H. SLATERY, III, et al.,  )
            )
  Defendants.     )

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiffs Jesse and Tamara Robards filed a pro se action under 42 U.S.C. § 1983, alleging a conspiracy to violate their parental rights between and among (1) the current and former Tennessee Attorneys General; (2) various officials with the Tennessee Department of Children's Services (DCS); (3) attorneys representing both the DCS and private individuals (including both Plaintiffs) during proceedings in state court; (4) judges, a prosecutor, and the sheriff of Putnam County, Tennessee; (5) an "On-Site Drug Testing State Contractor"; (6) the Putnam County Clerk of Court; (7) Cookeville Regional Medical Center; (8) the FBI; and (9) Park West Medical Center in Knoxville, Tennessee. (See Doc. No. 1 (Complaint); Doc. No. 6 (Amended Complaint); Doc. No. 8 (Second Amended Complaint)). Plaintiffs claimed that the result of this conspiracy was the "illegal kidnapping" of their six minor children, identified by the initials T.K.R., R.L.R., A.L.S., T.S.R., T.D.R, and T.C.R. (Doc. No. 1 at 3). However, the particular relief they sought was an emergency injunction for the "safe return" of three of those children—T.S.R., T.D.R., and T.C.R. —"to parent custody." (Doc. No. 1 at 11, 14).

On October 1, 2024, the Court conducted a preliminary review under 28 U.S.C. § 1915(e)(2) and dismissed this case for failure to state a claim on which relief may be granted. (Doc. Nos. 12, 13). The Court found that it could not determine Plaintiffs' entitlement to the injunctive remedy they sought because to do so would require this Court to review and overturn decisions regarding custody and parental rights made by the Putnam County Chancery Court. Those decisions were at that time pending on appeal before the Tennessee Court of Appeals, where Plaintiffs were represented (separately) by counsel. Thus, principles of comity and deference to state expertise in the field compelled this Court to decline to exercise jurisdiction. See Sefa v. Kentucky, 510 F. App'x 435, 437–38 (6th Cir. 2013) (citing cases). Alternatively, the Court found that it would be required to abstain from deciding the issues before it while custody proceedings were ongoing in the state appellate court.

On October 28, 2024, Plaintiffs filed a motion for relief from the Court's judgment under Federal Rule of Civil Procedure 59(e). (Doc. No. 14). They subsequently filed a Notice of Appeal (Doc. No. 15) and applications for leave to proceed as paupers on appeal. (Doc. Nos. 16, 17). This Court must decide the Rule 59(e) Motion before jurisdiction can transfer to the U.S. Court of Appeals for the Sixth Circuit.

## II. RULE 59(e) MOTION

Plaintiffs' Rule 59(e) Motion was filed within 28 days of the Court's October 1, 2024 entry of judgment and is therefore timely. See Fed. R. Civ. P. 59(e) (allowing "[a] motion to alter or amend a judgment . . . [if] filed no later than 28 days after the entry of the judgment"). "Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Gen. Motors, LLC v. FCA US, LLC, 44 F.4th 548, 563 (6th Cir. 2022) (quoting Clark v. United

2

States, 764 F.3d 653, 661 (6th Cir. 2014)).

Plaintiffs' Motion does not rely on any newly discovered evidence or change in the law, nor does it assert any clear legal error committed by the Court in dismissing the case. For the most part, the Motion merely reasserts the facts alleged in Plaintiffs' pleadings. The Motion concludes by arguing that the Court has misconstrued the case as a domestic relations case when, in fact, it is "a child services and termination of parental rights case." (Id. at 18). With the case framed that way, Plaintiffs argue that "[c]omity should not override constitutional rights," and that the Court should "exercise jurisdiction as blatant injustices and constitutional violations are taking place." (Id.). The Court thus construes the Motion as asserting a need to prevent manifest injustice. The Motion also attempts to add a claim that Plaintiffs did not previously assert, for damages under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). (Doc. No. 14 at 2–3).

Plaintiffs cannot use Rule 59 to reargue their case, Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998), or to raise new arguments or claims "which could, and should, have been made before judgment issued." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010) (quoting Engler, supra). Even if the case could be reopened for consideration of the new RICO damages claim, a civil RICO claim is only available to a person who alleges injury to her business or property. Jackson v. Sedgwick Claims Mgmt. Servs., Inc., 731 F.3d 556, 562 (6th Cir. 2013). Parents have a liberty interest, not a property interest, in the care and custody of their children. Troxel v. Granville, 530 U.S. 57, 65 (2000). Accordingly, the proposed claim under RICO could not be included even if the case were reopened.

3

Whether the case is properly classified as a domestic relations case or (as Plaintiffs would have it) a termination of parental rights case, the fact remains that the relief sought in Plaintiffs' original pleadings is an overturning of the state courts' termination decision and an award of custody of their minor children. As has previously been determined, it is not within the proper exercise of this Court's jurisdiction to entertain a collateral attack on a state court judgment terminating parental rights.[1] Stephens v. Hayes, 374 F. App'x 620, 623 (6th Cir. 2010) (citing Castorr v. Brundage, 674 F.2d 531, 535–36 (6th Cir. 1982) and In re Burrus, 136 U.S. 586, 593–94 (1890)). Plaintiffs' rehashing of facts and arguments previously presented does not establish any need for this Court to revisit these jurisdictional issues in order to avert manifest injustice.

## III. CONCLUSION

For the above reasons, Plaintiffs' Rule 59(e) Motion (Doc. No. 14) is **DENIED**.

The Court previously certified that any appeal from this dismissal would not be taken in good faith under 28 U.S.C. § 1915(a)(3). (Doc. No. 12 at 8). Furthermore, neither Plaintiffs' Notice of Appeal nor their applications to proceed as paupers on appeal states the issues that they intend to present on appeal, as required by Federal Rule of Appellate Procedure 24(a)(1)(C). Accordingly, the pauper applications (Doc. Nos. 16 and 17) are **DENIED**. If Plaintiffs wish to renew their pauper applications, they must do so in the Sixth Circuit. Fed. R. App. P. 24(a)(5).

The Clerk is instructed to forward a copy of this Order to the Clerk for the Sixth Circuit Court of Appeals.

---

[1] Notably, the judgment terminating Plaintiffs' parental rights over one minor child, T.S.R., has now been upheld by the Tennessee Court of Appeals, in a lengthy decision published December 3, 2024. In re Tayla R., No. M2024-00248-COA-R3-PT, 2024 WL 4950106 (Tenn. Ct. App. Dec. 3, 2024).

4

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE